UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RAYMOND LEE CANNON** | **CIVIL ACTION NO. 09-2164** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SIXTH DISTRICT PUBLIC DEFENDER OFFICE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Raymond Lee Cannon's ("Cannon") Motion for a Temporary Restraining Order ("Motion for a TRO") [Doc. No. 2]. Cannon seeks to enjoin Defendants Sixth District Public Defender Office, Leroy Smith, Jr., and the Louisiana Public Defender Board from "dismissing him without a pre-termination hearing." [Doc. No. 2, p. 2, ¶ 5]. For the following reasons, the Motion for a TRO is DENIED.

In his Complaint [Doc. No. 1], Cannon asserts a litany of federal and state claims against Defendants. He asserts federal claims on the bases that he has been subjected to disparate treatment based on race and age; subjected to a hostile work environment; suffered constitutional violations of his rights to contract, to equal employment opportunity, to due process, and to be free from arbitrary and capricious termination of employment; and retaliated against on the basis of his freedom of expression. He also asserts state law claims based on Defendants' alleged tortious interference with contract, infringement of his right to report unfair and unlawful employment actions, and breach of duty by wrongful termination.

In his motion, Cannon contends that he is entitled to a TRO "to protect his property and liberty interest in his contract as de facto Chief Indigent Defender for well over twenty years, his

right to contract for employment with the State of Louisiana, acting through District Public Defender Offices[,] to be free from undue political and judicial influence and conflicts of interest within models for the delivery of representation to those who are guaranteed the right to counsel by the <u>Sixth Amendment to the United States Constitution and Article 13 of the Louisiana Constitution</u>." [Doc. No. 2, Memorandum, p. 1 (emphasis in original)].

To obtain a temporary restraining order, Cannon must show (1) a substantial likelihood of success on the merits,[1] (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. *See ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 325 F.3d 586, 597 n. 34 (5th Cir. 2003). Additionally, under Federal Rule of Civil Procedure 65(b), Cannon must show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties or their attorney(s) can be heard in opposition. The Court focuses on the second requirement: irreparable injury.

The Court first notes that Cannon has been aware since November 25, 2009, that he was to be dismissed effective December 1, 2009. However, he did not file his Complaint and Motion for TRO until twenty-one days later on December 22, 2009. Additionally, even if Cannon prevails on his claim that he was improperly dismissed from serving as a contract indigent defender, he has an

---

[1] The Court has not reached the issue of whether Cannon can show a likelihood of success on the merits. The Court notes, however, that Cannon attached the 2009 "contract" to his Motion for TRO, and the contract is signed by Defendant Leroy Smith, but is not signed by Cannon. *See* [Doc. No. 2, Exh. 4]. Cannon also appears to say in his Complaint that he did **not** sign the 2009 contract. [Doc. No. 2, Affidavit of Phyllis D. Scurria, ¶ 5]. While the Court does not discount Cannon's long service as a contract attorney serving the indigent of the Sixth Judicial District, it appears that Cannon is neither a public employee nor working under a contract in which he has a property interest. Cannon also admits in his Complaint that the State Court has rendered a decision determining that Defendant Leroy Smith, Jr. was appointed the Chief Indigent Defender in 2007.

adequate remedy at law because he can obtain damages and/or reinstatement to his contractual relationship. Finally, Cannon has no standing to assert the claims of the indigent of the Sixth Judicial District. Even he did, the indigent have a constitutional right to adequate legal representation in a criminal proceeding, but have no right to counsel of their own choosing. *See United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007); *United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). There are no facts or evidence to show that the indigent represented by Cannon until December 1, 2009, cannot be adequately represented by the remaining contract indigent defenders.

Accordingly, IT IS ORDERED that Cannon's Motion for a TRO is DENIED.

The Court will set a scheduling conference after the holidays.

MONROE, LOUISIANA, this 23rd day of December, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE