**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **RAYMOND LEE CANNON** | * | **CIVIL ACTION NO. 09-2164** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **SIXTH DISTRICT PUBLIC DEFENDER OFFICE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss [doc. # 36] filed by defendant, Leroy Smith, Jr. ("Smith"), in his capacity as Sixth Judicial District Public Defender. For reasons stated below, it is recommended that the motion to dismiss be **GRANTED IN PART**, insofar as the grounds asserted therein apply to defendant, the Sixth District Public Defender Office, but that the motion otherwise be **DENIED**, as moot.

**Procedural History**

On December 22, 2009, Raymond Cannon filed the instant suit against Leroy Smith, Jr., individually, and in his official capacity as "Sixth District Defender;" the Sixth District Public Defender Office; and the Louisiana Public Defender Board. (Compl. [doc. # 1]). Cannon's complaint asserted numerous claims stemming from defendants' November 25, 2009, decision not to renew his contract with the Sixth Judicial District Public Defender. Cannon's federal claims included alleged violations of his civil rights under 42 U.S.C. §§ 1981, 1982, and 1983, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act ("ADEA"). (Compl., ¶¶ 11-12). His state law claims against Smith included tortious

interference with contract, infringement of Cannon's right to complain of unlawful employment practices, and interference with Cannon's right to practice law on behalf of indigent clients. *Id.*

On February 20, 2010, Smith, appearing "individually," filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [doc. # 15]. On August 3, 2010, Smith, "solely in his capacity as Public Defender of the 6th Judicial District of the State of Louisiana" filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. [doc. # 36]. In his motion, Smith argued, *inter alia*, that insofar as plaintiff has sued him in his official capacity as the Sixth Judicial District Public Defender, the foregoing entity is not a juridical person and does not have the capacity to be sued. The Clerk of Court also construed the motion as seeking dismissal of defendant, the Sixth District Public Defender Office.[1]

On August 11, 2010, the undersigned recommended that Smith's original motion to dismiss [doc. # 15] be granted, and that plaintiff's claims against Smith "in both his individual and official capacities" be dismissed with prejudice. (Report & Recommendation [doc. # 38]). On September 2, 2010, the district court entered judgment in favor of Smith, dismissing plaintiff's claims against him in his individual and official capacities. (Aug. 31, 2010, Judgment [doc. # 45]). On September 27, 2010, plaintiff filed a notice of appeal from the court's August 31, 2010, interlocutory judgment. (Notice of Appeal [doc. # 52]).

Meanwhile, on September 14, 2010, plaintiff filed his opposition to the still pending motion to dismiss filed by Smith "solely in his capacity as Public Defender of the 6th Judicial

---

[1] See the docket text associated with document # 36.

District of the State of Louisiana." [doc. # 15]. The matter is now before the court.[2]

## **Discussion**

### **I. Subject Matter Jurisdiction**

Smith contends that plaintiff's ADEA claim is subject to dismissal for lack of subject matter jurisdiction because he failed to allege that he filed a timely charge with the Equal Employment Opportunity Commission ("EEOC"), or that the EEOC issued him a right to sue notice. Pretermitting for the moment the fact that the court has already dismissed all claims against Smith, *see* discussion, *infra*, the undersigned observes that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite; rather, it is a "precondition to filing suit in district court." *See Julian v. City of Houston, Tex.*, 314 F.3d 721 (5th Cir. 2002). Moreover, the ADEA does not require a plaintiff to receive a right to sue notice before filing suit. *Id.*, at 725. Even if it did, however, the notice would not be a jurisdictional prerequisite. *Id.* at 726, n3.

Failure to comply with a condition precedent does not mean that the district court lacks subject matter jurisdiction if the case is otherwise properly before it. *Harris v. Amoco Production Co.*, 768 F.2d 669, 680 (5th Cir. 1985). Here, it is manifest that the court enjoys subject matter jurisdiction, via federal question, 28 U.S.C. § 1331.[3]

---

[2] The briefing period closed on September 21, 2010. (Notice of Motion Setting [doc. # 37].

[3] Section 1331 jurisdiction is appropriately invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)). Plaintiff's

## II. Failure to State a Claim

### a) 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b) sanctions dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008), *cert. denied sub nom., Southern Scrap Material Co., L.L.C. v. U.S.*, ____ U.S.___, 129 S.Ct. 1669 (2009) (internal

---

complaint invokes several federal statutory schemes. The statutory references suffice to assert federal subject matter jurisdiction, via federal question, 28 U.S.C. § 1331. *Cervantez, supra*.

To the extent that plaintiff's complaint also sets forth factual allegations sufficient to assert a claim under state law, the presence of federal question jurisdiction authorizes the court to exercise supplemental jurisdiction over this claim(s). 28 U.S.C. § 1367.

citation omitted).

Courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted).

Finally, when considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Nonetheless, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

**b) The Motion to Dismiss is Moot as to Smith**

Smith's latest motion to dismiss raises old and new bases for relief. Plaintiff protests that Smith should have consolidated these arguments in his original motion to dismiss, and that by failing to do so, he waived his right to assert these additional defenses.

The Federal Rules of Civil Procedure provide that,

> [e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed.R.Civ.P. 12(g)(2).

However, Rule 12(h)(2) permits a party to assert a defense for failure to state a claim upon which relief can be granted in any pleading permitted under Rule 7(a), or via a motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2). Moreover, a party does not waive a defense by failing to

assert it in a 12(b)(6) motion. *See* Fed.R.Civ.P. 12(h)(1) (addressing waiver of defenses, but conspicuously omitting 12(b)(6) motions); *see also PHI, Inc. v. Office & Professional Employees Int.'l Union*, 2010 WL 3034712, *2 (W. D. La. July 30, 2010) (Doherty, J.).

It is manifest that, from a procedural perspective, Smith should have sought leave of court to supplement his original motion to dismiss with any new arguments or defenses. However, any error was harmless, where, as here, these additional defenses could have been raised via a Rule 12(c) motion for judgment on the pleadings which is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *See PHI, Inc., supra* (same standard applied to 12(c) and 12(b)(6) motions) (citations omitted). Further, as plaintiff emphasizes, Smith's instant motion to dismiss is moot, because the court previously dismissed all of plaintiff's claims against Smith in his individual and official capacities. (Aug. 31, 2010, Judgment). Plaintiff has appealed this non-final judgment of dismissal to the Fifth Circuit. Under the circumstances, it is not necessary to revisit the dismissal of plaintiff's claims against Smith at this time.

**c) Sixth District Public Defender Office is not a Proper Party Defendant**

In his motion, Smith argues that the Sixth Judicial District Public Defender lacks the capacity to be sued; he therefore concludes that he cannot be sued in his official capacity as Sixth Judicial District Public Defender.[4] As stated earlier, the Clerk of Court docketed the motion as also being filed on behalf of named defendant, the Sixth District Public Defender Office ("6th

[4] However, the Fifth Circuit has recognized that although a district attorney's "office" is not capable of being sued under Louisiana law, a suit may be maintained against the district attorney, in his official capacity, with any judgment recovered against public funds controlled by him. *See Hudson, supra*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 469-470 (5th Cir. 1999). Here, of course, the Sixth Judicial District Public Defender controls certain public funds, i.e., the indigent defender fund for that district. La. R.S. § 15:168. Nonetheless, the court does not reach this issue, at this time.

PDO"). Smith's argument regarding lack of capacity to be sued readily applies to the 6th PDO. Accordingly, the court will address whether the 6th PDO is a proper party to this action.[5]

Subject to several exceptions not applicable here, Rule 17(b) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined "by the law of the state where the court is located . . ." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, an *entity* must qualify as a "juridical person" before it may be sued. *Hunt v. Town of New Llano*, 930 So.2d 251, 254, (La. App. 3d Cir. 2006) (citations omitted). A "juridical person" is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

In assessing a governmental entity's juridical status, the Louisiana Supreme Court has observed that

> the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit *for the particular purpose at issue*. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.
>
> *Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.*

*Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 346-47 (La. 1994) (citations omitted) (emphasis added).

---

[5] The court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also, Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

By all accounts, the 6th PDO is some form of local political subdivision. In 2008, the Louisiana Attorney General issued an opinion observing that "[e]ach district public defender office is a 'political subdivision' for purposes of [Louisiana's Dual Officeholding and Dual Employment Law, R.S. 42:61 et seq.] because each office is a "unit of local government . . . authorized by law to perform governmental functions." *Ms. Bonnie Fortson*, La. Atty. Gen. Op. No. 08-0206, 2008 WL 4938295 (Oct. 1, 2008). Furthermore, under the Louisiana Local Government Budget Act, each district public defender office is considered a political subdivision. *See* La. R.S. 39:1302(1)(f). Although it seems that the Louisiana Local Government Budget Act authorizes suits against a district public defender office to enforce compliance with the Act, there is no indication that a district public defender office is amenable to suit for other causes of action or monetary damages. *See* La. R.S. 39:1315.

In his complaint, plaintiff alleges that the 6th District PDO is a "political subdivision of the State of Louisiana, created by La. R.S. 15:144 and authorized by La. R.S. 15:145 . . ." (Compl., § III, ¶ 4). However, both of those provisions were repealed by the Louisiana Public Defender Act of 2007, Acts 2007, No. 307 (the "LPDA"). The LPDA also transferred the duties and functions relating to the delivery of indigent defender services from the former judicial district indigent defender boards to "the judicial district indigent defender fund under the management of the district public defender and the district public defender office . . ." (LPDA, § 14). The LPDA specifies that the district public defender is the "successor in every way to the judicial district indigent defender board from which such duties and functions are transferred . . ." *Id*. In addition, "[w]henever any judicial district indigent defender board from which duties and functions are transferred is referred to, or designated by any law or contract or other

document, such reference or designations shall be deemed to apply to the district public defender for that district." *Id.*

The LPDA defines "District office" as the "office of a district public defender as provided for in R.S. 15:161." La. R.S. § 15:143. Under § 161, each district public defender is required to maintain a "district office, or appropriate office space" for meeting with clients. La. R.S. § 161(C). In other words, under the LPDA, a district public defender office refers either to the physical office space maintained by the district public defender or as an informal, alternative name for the position of district public defender.

In sum, upon review of pertinent statutory authorities that reference district public defender "offices," the court is not persuaded that such entities – to the extent that they exist at all – constitute independent juridical persons cognizable under the law. *See Roberts, supra*. Accordingly, the undersigned finds that the 6th District Public Defender *Office* is not a legal entity amenable to suit for redress of plaintiff's claims. *See e.g., Dussett v. Jefferson Parish Correctional Center*, 2010 WL 2076772 (E.D. La. Apr. 21, 2010), *R&R adopted*, 2010 WL 2008982 (E.D. La. May 18, 2010) (sheriff's office is not a juridical person capable of being sued under § 1983); *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999) (district attorney's office cannot be sued in its own name).

Of course, this then begs the question, who is the proper party defendant for plaintiff's employment discrimination claims? The only other candidates are the Louisiana Public Defender Board and Leroy Smith, Jr., in his official capacity as Sixth Judicial District Public Defender. Smith contends that ultimate responsibility for plaintiff's claims lies not with him as the Sixth Judicial District Public Defender, but upstream with the Louisiana Public Defender Board

("LPDB").  For its part, the LPDB asserts that plaintiff was neither its employee nor an independent contractor.  *See* LPDB Answer [doc. # 20].

Having earlier dismissed, as redundant, plaintiff's employment discrimination claims against Smith, in his official capacity,[6] the LPDB is currently the party facing responsibility for plaintiff's employment discrimination claims.  Should the LPDB eventually demonstrate that it does not bear ultimate responsibility for decisions regarding plaintiff's work relationship with the Sixth Judicial District Public Defender (as opposed to relying upon other defenses), then the court may be compelled to revisit plaintiff's employment discrimination claims against Smith, in his official capacity.  Until that time, however, and because the dismissal of plaintiff's claims against Smith is currently on appeal to the Fifth Circuit, it is neither necessary nor appropriate to reconsider the prior dismissal.

## Conclusion

For the reasons provided above,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 36] be **GRANTED IN PART**, insofar as the grounds asserted therein apply to defendant, the Sixth District Public Defender Office, and that plaintiff's claims against defendant, the Sixth District Public Defender Office, be **DISMISSED**, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

**IT IS FURTHER RECOMMENDED** that the motion to dismiss [doc. # 36] filed by defendant, Leroy Smith, Jr., in his capacity as Sixth Judicial District Public Defender, otherwise be **DENIED**, as moot

---

[6]  *See* Aug. 11 2010, Report & Recommendation [doc. # 38].

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of October 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE